IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL K. CIACCI, | ) | CIVIL NO. 12-00142 HG/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | DISMISSAL ORDER |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DISMISSAL ORDER

Before the court is *pro se* plaintiff Michael Kekoa
Ciacci's prisoner civil rights complaint, brought pursuant to 42
U.S.C. § 1983, and *in forma pauperis* application.  Ciacci is not
incarcerated in Hawaii and does not appear to be in prison
elsewhere, as his return address is a post office box in Austin,
Texas.  Nor does Ciacci have any past federal or state criminal
convictions or pending criminal charges of which this court is
aware.  *See* http://hoohiki1.courts.state.hi.us/jud/Hoohiki/;
http://pacer.psc.uscourts.gov. ("PACER").  Along with this
Complaint, Ciacci also filed a petition for writ of habeas corpus
under 28 U.S.C. § 2241, *see Ciacci v. State of Hawaii*, Civ. No.
1:12-cv-00141, and under 28 U.S.C. § 2254, *see Ciacci v. State of
Hawaii*, Civ. No. 1:12-cv-00143.

Ciacci's Complaint makes no claims, provides no facts,
and names no defendants.  In the "Cause of Action," and
supporting facts sections of the Complaint, Ciacci simply states,
"Unknown."  ECF #1, Compl. at 5-7.  In his request for relief, he

states, "'exactly' is unknown; Known is request for bar certified legal representation." *Id.* at 8.   Because Ciacci's Complaint is incomprehensible and so insubstantial that it is impossible to determine what relief he seeks or who he names, this action is DISMISSED without prejudice.   Ciacci's *in forma pauperis* application is DENIED, and to the extent he seeks appointment of counsel, it is DENIED.

## I. The Complaint Fails to State A Claim

A federal court may dismiss any case wherein the plaintiff is proceeding or has requested *in forma pauperis* if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.   *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (*per curiam*) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners); 28 U.S.C. § 1915(e)(2).   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*   A complaint is frivolous for purposes of section 1915 if it lacks any arguable basis in fact or law.   *See Neitzke v. Williams*, 490 U.S. 319, 328-30 (1989).   While the facts alleged in a complaint

should generally be accepted as true for purposes of entering judgment on the pleadings, clearly baseless factual contentions may dismissed as frivolous under section 1915.  *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Ciacci's Complaint is unintelligible and utterly fails to provide a short plain statement of his claims for relief or notify any defendant what his claims against them may be.  As such, the Complaint is frivolous and fails to state a claim for relief.

## II.   Improper Venue and Lack of Jurisdiction

A civil action not founded solely on diversity of citizenship, such as a § 1983 civil rights complaint, may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

Although the Complaint is incomprehensible, it is clear that whatever the form of relief Ciacci seeks, this court is not the proper forum to raise his claims.  Ciacci's documents

3

indicate that he lives in Austin, Texas; he raises no claims and names no defendants in Hawaii, other than the State itself.  If Ciacci has a cause of action, it presumably arose in Texas against parties residing in Texas.  This court is not the proper venue to hear Ciacci's claims.

Moreover, the State of Hawaii is neither a 'person' subject to civil rights suits under 42 U.S.C. § 1983, *see Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), nor subject to suit in federal court without its explicit consent, *see Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53 (1996); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984).

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought.  It is unclear why Ciacci chose to file this action in this court.  Perhaps he did so because he has been unsuccessful in other courts, or perhaps it is a whim.  Ciacci has also recently filed several suits in the Western District of Texas and in the District Court for the District of Columbia, while he resided in those districts.  *See* Civ. Nos. 1:2011-cv-00590 (Dist. D.C. closed 03/22/2011); 1:2011-cv-01442 (Dist. D.C. closed 08/08/2011); 1:2012-cv-00184 (W.D. Tex, closed 03/01/2012); 1:2012-cv-00185 (W.D. Tex., closed 03/01/2012);

4

1:2012-cv-00207 (W.D. Tex. pending); 1:2012-cv-00208 (W.D. Tex.
pending).   In light of Ciacci's failure to allege any claims or
supporting facts and to name a proper defendant it is not in the
interests of justice to transfer this matter another court.

### III.   <u>Leave to Amend is Not Granted</u>

The court is aware of its duty to grant leave to amend
if it appears at all possible that the plaintiff can correct the
defects of his or her complaint.  *Lopez v. Smith*, 203 F.3d 1122,
1130 (9th Cir. 2000).  It appears futile, however, to grant leave
to amend here, when Ciacci has failed to provide even the barest
minimum of facts for the court to surmise that a cause of action
is not only plausible, but possible.  Although this action is
dismissed without prejudice, this dismissal is without leave to
amend.

### IV. <u>In Forma Pauperis and Appointment of Counsel</u>

A court may deny an *in forma pauperis* application if it
appears that the action is frivolous, fails to state a claim upon
which relief can be granted, or seeks monetary relief against a
defendant who is immune from such relief.  *See e.g., Tripati v.
First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).
Ciacci's *in forma pauperis* application is DENIED.

To the extent that Ciacci seeks appointment of counsel,
and that is not clear from his pleadings, it is DENIED.  *See
Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

## V.   CONCLUSION

IT IS HEREBY ORDERED that:

1.    This Action is DISMISSED for failure to state a claim, frivolousness, lack of jurisdiction, and improper venue.  This dismissal is without prejudice, but without leave to amend.

2.    The request to proceed *in forma pauperis* is DENIED.

3.    The motion to appoint counsel is DENIED.

4.    With the exception of a Notice of Appeal to the Ninth Circuit Court of Appeals, the Clerk is DIRECTED to docket any further documents in this action as "Received," and to close the file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 16, 2012.



/S/ Helen Gillmor
_____

Helen Gillmor
United States District Judge

*Ciacci v. State,* 1:12-cv-00142 HG/BMK; Dismissal Order; psas/Screening/DMP/non pris pro se 2012 Ciacci 12-141 (1983 & IFP non pris)